IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

_____

Courtroom Deputy:  Deborah Hansen          Date:  October 1, 2013
Court Reporter:     Gwen Daniel            Probation: Katrina Devine

_____

Criminal Action No. 13-cr-00044-WJM          _Counsel:_

UNITED STATES OF AMERICA,                    Michele R. Korver

          Plaintiff,

v.

TAYLOR HILLS,                                Harvey A. Steinberg

          Defendant.

_____

## COURTROOM MINUTES
_____

HEARING - SENTENCING

10:00 a.m.    Court in Session

Appearances

Defendant is present and on bond.

Oath administered to the defendant.

Court's comments

Sentencing Statement (by Ms. Korver)

Sentencing Statement (by Mr. Steinberg)

Statement (by Probation Officer Devine)

1

**ORDERED:** There being no objection to the Government's Motion for Three Offense Level Decrease Pursuant to U.S.S.G. § 3E1.1(a) and (b) (ECF No. 45), the Motion is GRANTED.

**ORDERED:** There being no objection to the Government's Motion to Dismiss Counts 1-11 and 16-30 of the Indictment (ECF No. 44), the Motion is GRANTED.  Counts 1 through 11 and 16 through 30 of the Indictment are DISMISSED.

Court's comments

**ORDERED:** The Government's §5K1.1 Motion for Downward Departure Based on Substantial Assistance (ECF No. 43) is GRANTED.

Defendant's Allocution

Defendant plead guilty to Counts 12 through 15 and Count 31 of the Indictment and admitted to the forfeiture Count on July 10, 2013.

**ORDERED:** Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Taylor Hills, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 27 months on Counts 12 through 15, and 12 months on Count 31, to be served concurrently.

Defendant shall pay a Fine of $7,500.00 into the Crime Victims Fund.

In serving this term of incarceration the Court recommends that the director of the Bureau of Prisons give defendant full credit for his time served in pretrial detention.

The Court also recommends that the Bureau of Prisons allow the defendant to participate in RDAP at the Englewood, Colorado facility; and that placement be made in consideration of his security designation within the District of Colorado.

**ORDERED:** Upon release from imprisonment defendant is placed on supervised release for a period of three years on Counts 12 -15, and one year as to Count 31, all counts to run concurrently.

Within 72 hours of release from the custody of the Bureau of Prisons defendant must report in person to the probation office in the district to which defendant is released.  And while on supervised release

defendant shall not commit another federal, state or local crime, shall not possess a firearm as defined in 18 U.S.C. § 921, and defendant must comply with the standard conditions adopted by this Court.

The defendant shall not unlawfully possess and shall refrain from unlawfully using a controlled substance.  The defendant shall submit to one drug test within 15 days of release on Supervised Release and two periodic tests thereafter.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

ORDERED:   The following special conditions of supervised release are imposed:

1. The defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

2. The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

3. The defendant shall remain medication compliant and shall take all medications that are prescribed by his treating psychiatrist. The defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of his prescribed medications is maintained.

4. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's Judgment and sentence.

5.     As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation in this case.

6.     The defendant shall make payment on the Fine obligation that remains unpaid at the commencement of supervised release.

Within 60 days of release from confinement, the defendant shall meet with the probation officer to develop a plan for the payment of the unpaid portion of his financial obligations under the Court's Judgment.  This plan will be based upon the defendant's income and expenses.  The plan will be forwarded to the Court for review and approval.  It is an express condition of supervision that the defendant pay the Fine and Special Assessment in accordance with the payment plan.

7.     The defendant shall not engage in any business activity unless the activity is approved by the probation officer.  Any approved business activity must operate under a formal, registered name.  For any approved business activity, the defendant shall provide the probation officer with the names of all business entities and their registered agents. The defendant shall not register any new business entity, foreign or domestic, without the approval of the probation officer. The defendant shall not cause or induce others to register business entities on his behalf.

For any approved business activity, the defendant shall maintain business records.  The defendant shall provide all requested documentation and records to the probation officer regarding any of his business activities as requested by the probation officer.  The defendant shall maintain separate personal and business finances and shall not co-mingle personal and business funds in any financial accounts, including but not limited to bank accounts and lines of credit.

8.     The defendant shall document all income, compensation and financial support generated or received from any source and provide such information to the probation officer as requested.

9.     The defendant shall timely file all future business and personal tax returns during the term of supervised release.

10.   **The defendant shall not cause or induce anyone to conduct any financial transaction on his behalf or maintain funds on his behalf.**

11.   **The defendant shall submit his person, property, house, residence, papers, or office, to a search conducted by a United States Probation Officer. Failure to submit to search may be grounds for revocation of supervised release.**

   **The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.**

   **An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.**

The Government requests that the Court order the defendant to pay all taxes, federal and state, due during the period of supervised release (by Ms. Korver).

Statement (by Mr. Steinberg)

**ORDERED:**   **The defendant shall pay all federal and state taxes due during the period of supervised release**.

**ORDERED:**   **In addition to the $7,500.00 Fine, the defendant shall also pay a Special Assessment of $425.00, which shall be due and payable immediately.**

**ORDERED:**   **The defendant shall pay interest on that portion of the Fine in excess of $2,500.00, unless the Fine is paid in full before the 15th day after the date of Judgment.**

**ORDERED:**   **The Special Assessment shall be due and payable immediately. The balance of the monetary obligations under this Court's Judgment shall be paid during the period of supervised release in monthly installment payments of not less than 10% of the defendant's gross household monthly income.**

**ORDERED:**   **Pursuant to Rule 32.2 of the Fed. Rules of Crim. P. and the defendant's admission to the forfeiture allegation in the Indictment,**

**the defendant shall forfeit to the United States any and all property, real or personal, derived from proceeds from the instant offense and as stipulated to in the Plea Agreement, including without limitation a 2008 Ducati motorcycle, VIN ZDM1YACP18B005143, and a $5,000.00 money judgment.**

Defendant advised of his right to appeal the sentence imposed and in very limited circumstances, his conviction by admission on the violations charged in the supervised release petition.

The Court takes up the issue of 18 U.S.C. § 3143(a) and its application to this case.

Argument (by Ms. Korver)

Argument (by Mr. Steinberg)

Argument (by Ms. Korver)

Argument (by Mr. Steinberg)

Court's comments

Mr. Steinberg has convinced the Court by clear and convincing evidence that the defendant has shown that he is not a flight risk in this case.

**ORDERED:   The defendant is allowed to voluntarily surrender five weeks from today, which is November 5th, 2013, to the institution that is designated by the Bureau of Prisons.**

**ORDERED:   The defendant is permitted to remain free on bond subject to the conditions of release as set forth in the Order Setting Conditions of Release.**

10:51 a.m.   Court in Recess
Hearing concluded
Time: 51 minutes

6